### SUSSMANN v. MacKEWAN.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

EVIDENCE (§ 370*)—DOCUMENTARY EVIDENCE—AUTHENTICATION.

The admission in evidence, in an action for rent, of a lease upon the back of which were assignments from the lessor to W. and from W. to plaintiff, without proof of the genuineness of the signatures to such assignments, was error, as defendant might be subjected to double liability.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1538, 1559, 1560, 1562–1578, 1592; Dec. Dig. § 370.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

· Action by Matilda Sussmann against Ralph Waldo MacKewan. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Louis J. Bernstein, of New York City (R. W. MacKewan, of New York City, of counsel), for appellant.

Henry Feldman, of Brooklyn, for respondent.

PER CURIAM. The plaintiff sued for rent for the months of August and September, 1913. He offered a lease, which was received in evidence over the objections of defendant's counsel. This lease was signed by defendant, and ran from one Samuel Glass as landlord. Glass' name was signed to the lease in the following form: "Samuel Glass, by Bert G. Faulhaber & Company, Agents, B. J. Faulhaber, Prest." The authority of Faulhaber was not shown. Upon the back of the lease appeared assignments thereof from Glass to one Wolf, and from Wolf to the plaintiff; but no evidence was given as to their signatures, or that such assignments were actually made by those parties.

We think the introduction of the lease without such proof was error. Neither Glass nor Wolf are bound by the assignment, unless it is shown that such assignments were actually made by them, and so far as appears from the record the defendant may be liable to Glass, or, if the lease was properly assigned to Wolf, then to him for the rent sued for. The affirmance of this judgment upon the present record might subject the defendant to a double liability for the rent sued for in this action.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.